**BANNER PROMOTIONS, INC., Plaintiff,**

v.

**Ricardo MALDONADO, Defendant.**

**No. CIV. A. 99–1451.**

United States District Court, E.D. Pennsylvania.

June 29, 1999.

W. Russell Carmichael, Media, PA, for Plaintiff.

Scott L. Fast, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

Defendant Ricardo Maldonado brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this court does not have personal jurisdiction over him. Because the plaintiff, Banner Promotions, Inc., has failed to demonstrate sufficient minimum contacts that would permit the court to exercise jurisdiction over Maldonado, the motion will be granted. The plaintiff's alternative motion to transfer will be denied.

*Background*

Banner, a corporation organized under Delaware law with its principal place of business in Pennsylvania, is engaged in boxing promotions, and, as part of this business, it had an exclusive contract with a Brazilian boxer named Acelino Freitas. Banner alleges one count of tortious interference with contract against Maldonado. According to Banner, Maldonado, a manager of professional boxers, induced Freitas to engage in fights that were forbidden by the contract between Freitas and Banner; moreover, Banner alleges that Maldonado received profits from these matches that should have belonged to Banner.

Maldonado, according to his uncontested affidavit, is a resident and domiciliary of California. Maldonado has no offices in Pennsylvania and has been in Pennsylvania only to change planes. He is not a party to any contract or agreement under Pennsylvania law. Maldonado has had one personal contact with Banner, through its president, Arthur Pelullo. That contact occurred in June 1998 in Beverly Hills, California. There was no further communication with Pelullo or Banner. Based upon these facts, Maldonado argues that this court has neither general nor specific jurisdiction over him.

*Discussion*

■ When a court sitting in diversity is faced with a challenge to personal jurisdiction by an out-of-state defendant, it "must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). The Pennsylvania long-arm statute permits jurisdiction to be exercised "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); *see also Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 481 (3d Cir.1993) (describing Pennsylvania long-arm statute).

■ As the defendant has raised jurisdictional defenses, the plaintiff "bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." *Mellon Bank (East) v. DiVeronica Bros.*, 983 F.2d 551, 554 (3d Cir.1993) (citations omitted). The plaintiff may meet this burden and present a prima facie case for exercising personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992) (citations omitted); *see also DiMark Mkt., Inc. v. Louisiana Health Serv. & Indem. Co.*, 913

F.Supp. 402, 405 (E.D.Pa.1996) (plaintiff must only make prima facie showing and court must resolve factual doubts in favor of plaintiff).

■ In this case, plaintiff alleges that this court has specific jurisdiction over Maldonado.[1] The Third Circuit has explained that a two-part test should be applied when specific jurisdiction is alleged. First, the plaintiff must show that the defendant had constitutionally sufficient minimum contacts with the forum. *See IMO*, 155 F.3d at 259. These contacts must be such that the defendant should "reasonably anticipate being haled into court there." *DiVeronica Bros.*, 983 F.2d at 554 (internal punctuation omitted), *quoting World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *see also Farino*, 960 F.2d at 1221 (stressing need to inquire as to the relationship among the forum, the defendant, and the litigation). Moreover, the court should examine whether the defendant "purposefully established those minimum contacts.... A court must find that there was some act by which the defendant 'purposefully avail[ed] itself' of the privilege of conducting activities within the forum." *DiVeronica Bros.*, 983 F.2d at 554 (citations omitted). Second, the court must determine, in its discretion, that exercising jurisdiction would "comport with 'traditional notions of fair play and substantial justice.'" *IMO*, 155 F.3d at 259, *citing International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (other citations).[2] In analyzing whether such minimum contacts have occurred to meet the first part of the test, the court must engage in a factual examination of the contacts in question.

*See, e.g., Farino*, 960 F.2d at 1224–25 (stressing need for individualized inquiry in each case).

■ Banner cannot point to any contacts Maldonado has had with this forum, much less any that are specific to the case at hand. There were no letters or phone calls into Pennsylvania, and Maldonado never entered Pennsylvania for any purpose. The only contact alleged to have occurred between plaintiff and defendant at all was one meeting in Los Angeles. Nor does the court have any evidence suggesting that any of the fights that were the subject of the contract were to have taken place in Pennsylvania.

■ The fact that an intentional tort is alleged does not alter this conclusion. The Pennsylvania long-arm statute specifically provides that jurisdiction may be exercised, in some cases, over out-of-state residents who commit torts having an effect in Pennsylvania, *see* 42 Pa.C.S.A. § 5322(a)(4), but, as the Third Circuit has recently discussed, the plaintiff must still demonstrate that exercise of jurisdiction would comport with Due Process. In *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir.1998), the Third Circuit elaborated on the Supreme Court's analysis of this issue as discussed in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). "Generally speaking, under *Calder* an intentional tort directed at the plaintiff and having sufficient impact upon it in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO*, 155 F.3d at 260.[3] The plaintiff must

---

**1.** Plaintiff does not argue that the court has general jurisdiction over Maldonado, and, indeed, it is difficult to see how it could do so.

**2.** The Third Circuit explained recently that while this "latter standard need only be applied at a court's discretion, we have generally chosen to engage in this second tier of analysis in determining questions of personal

jurisdiction." *Pennzoil Prods. Co. v. Colelli & Assoc.*, 149 F.3d 197, 201 (3d Cir.1998).

**3.** *IMO* discussed personal jurisdiction under the New Jersey long-arm statute, but the analysis and holding of that case are applicable here because, like Pennsylvania, New Jersey's statute permits the exercise of jurisdiction to the fullest extent of the constitution. *See IMO*, 155 F.3d at 259.

show the following factors to permit personal jurisdiction in such circumstances: "(1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant expressly aimed [the] tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *IMO,* 155 F.3d at 265–66.

Banner cannot meet the third prong of the test. To do so, the plaintiff must show that the defendant "knew that the plaintiff would suffer the brunt of the harm . . . in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* at 266; *see also Santana Prods., Inc. v. Bobrick Washroom Equip.,* 14 F.Supp.2d 710, 715 (M.D.Pa.1998) ("In the absence of any contacts with Pennsylvania, the fact that harm is felt in Pennsylvania from conduct occurring outside Pennsylvania is not sufficient to satisfy due process unless the defendant targets Pennsylvania through the tortious conduct."). The only evidence of harm felt in Pennsylvania is a letter from the Freitas brothers, the boxers. This letter, addressed to Banner in Pennsylvania and copied to the defendant, simply acknowledges that unspecified contractual problems have not been resolved and requests that the plaintiff direct further contact through Mr. Maldonado. This does not suffice to show that Mr. Maldonado himself targeted Pennsylvania or that he had any knowledge of the harm that would occur in Pennsylvania.[4] *See Surgical Laser Tech. v. C.R. Bard, Inc.,* 921 F.Supp. 281, 285 (E.D.Pa.1996) (granting motion to dismiss because defendant had "not directed any activity at Pennsylvania: no negotiation, no bid, no bargain, no benefit, no breach, no betrayal.").[5]

*The Alternative Motion to Transfer*

■ Plaintiff requests that the court transfer the action to New Jersey pursuant to 28 U.S.C. § 1631 because the defendant is subject to personal jurisdiction there. Even assuming that this claim is correct, the court cannot transfer the case to New Jersey. The statute permits the court to transfer an action "to any other court in which the action . . . could have been brought at the time it was filed[.]" *Id.* The difficulty is that this case could not originally have been brought in New Jersey. The plaintiff has no connection to New Jersey, and no portion of the events in question are alleged to have occurred in New Jersey; alleged personal jurisdiction connected to the defendant's boxing manager license in New Jersey is the only basis for New Jersey jurisdiction. The venue statute permits an action to be brought in a judicial district in which the only basis is that a defendant is subject to personal jurisdiction only "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). This action could clearly be brought in California, the state of which the defendant is a resident and domiciliary. *See* 28 U.S.C. § 1391(a)(1). Consequently, the Motion to Transfer must be denied.[6]

*Conclusion*

The defendant's motion to dismiss for lack of personal jurisdiction must be granted. Even applying the "effects test" that allows the court to utilize a more lenient Due Process standard when out-of-state residents are accused of intentional torts,

---

4. Plaintiff also includes a copy of a fax from Freitas to Banner. *See* Plf. Resp. Ex. B. This fax, also copied to Maldonado, does not give any indication that the defendant directed any tortious activities at Pennsylvania.

5. While these cases were decided before the standard was clarified in *IMO,* the holdings are, if anything, stronger in its wake.

6. Alternatively, the court finds that it would not be in the interest of justice to transfer the claim to New Jersey given the apparent availability of a forum in which the defendant resides and in which the only meeting between the parties apparently occurred.

Maldonado simply had no direct contact with Pennsylvania; to exercise personal jurisdiction over him would constitute a violation of Due Process. Moreover, a transfer to New Jersey would be inappropriate as the action could not have been brought there originally.

An appropriate Order follows.

### ORDER

**AND NOW,** this 29th day of June, 1999, upon consideration of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff's Alternative Motion to Transfer pursuant to 28 U.S.C. § 1631, and the responses thereto, it is hereby **ORDERED** that Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion to Transfer is **DENIED.** This complaint is **DISMISSED** without prejudice.